[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13707
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00107-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EDWARDS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 6, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robert Edwards, Jr., appeals his convictions for possession of a firearm by a

convicted felon, possession of a stolen firearm, and possession of an unregistered

short-barreled shotgun. During voir dire, the prosecutor exercised a peremptory strike and explained his strike in part as follows: "His favorite magazine is hip hop. I'm familiar with that kind of music, but it has a funkish element to it, rappers and stuff. I'm not particularly fond of that." Defense counsel responded to this reasoning, "[J]ust . . . the type of magazine, a hip hop magazine, doesn't automatically make it a thuggish magazine." The prosecutor further elaborated on this particular reason, stating, "If somebody has a real religious magazine, I would strike them as well as a hip hop magazine. It's just a personal interest." The only issue on appeal is whether that peremptory strike violated Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).

In Batson, the Supreme Court established a three-step test for evaluating racial discrimination claims in jury selection. United States v. Folk, 754 F.3d 905, 912 (11th Cir. 2014). First, the defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race. Id. at 913. Second, if that showing is made, the prosecution must offer a race-neutral basis for striking the juror in question. Id. Then, third, in light of the parties' submissions the court determines whether the defendant has established purposeful discrimination. Id.

The government and Edwards disagree over whether the requirement of a prima facie showing was moot in this case because the prosecutor offered a reason for striking the juror without prompting from the district court. The parties also

2

disagree over whether we review the district court's application of the second step of the Batson analysis de novo or only for clear error.  However, we need not decide those questions because the prosecutor's explanation was race-neutral under either standard of review.

Edwards contends that the prosecutor's explanation for the peremptory strike was not race-neutral.  Unless discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral.  Folk, 754 F.3d at 914.  Striking a juror because he is a fan of hip-hop music is nondiscriminatory on its face.  See id.  ("[W]e must ask whether the reasons tendered by the prosecution . . . are nondiscriminatory on their face.").  Even if Edwards is correct that there is a high correlation between race and hip-hop fandom, such a disparate impact theory cannot be used by itself to invalidate the prosecutor's stated reasons at step two of the Batson inquiry.  United States v. Houston, 456 F.3d 1328, 1336 (11th Cir. 2006).  Batson's second step "does not demand an explanation that is persuasive, or even plausible."  Purkett v. Elem, 514 U.S. 765, 767–68, 115 S. Ct. 1769, 1771 (1995).  Instead, a legitimate reason is one that does not deny equal protection even if it does not make sense.  United States v. Steele, 178 F.3d 1230, 1235 (11th Cir. 1999).  Under that standard, the prosecutor's reason for striking the juror was legitimate.

**AFFIRMED.**

3